UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
D'ARRIGO BROS. CO. OF NEW YORK, INC.

                Plaintiff,

   -against-

J & S PRODUCE INC.

                Defendant.
--------------------------------------------------------

**07 CV 3855**

Case No.: _____

**JUDGE BAER**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION PURSUANT TO F.R.CIV.P.65

### PRELIMINARY STATEMENT

The plaintiff submits this Memorandum of Law in support of its application for a temporary restraining order pursuant to F.R.Civ.P. Rule 65. Submitted herewith in support of plaintiff's application is the affidavit of PAUL D'ARRIGO, sworn to on the 14th day of May, 2007, with exhibits annexed thereto.

### THE PARTIES

The plaintiff is a New York corporations with its principal places of business at the New York City Terminal Market, Hunts Point, Bronx, New York. It engages in the sale of perishable agricultural commodities. The defendant, J & S PRODUCE INC. ("J & S"), is a New Jersey corporation doing business at 2461 1st St., Fort Lee, New Jersey (" J & S Premises"). J & S purchased perishable agricultural commodities from the plaintiff at its place of business in the County of Bronx, City and State of New York.

### FACTUAL BACKGROUND

From April 28, 2005 through October 12, 2006, the defendant J & S ordered perishable agricultural commodities from the plaintiff, in the sum of TWO HUNDRED SIXTY- THOUSAND

1

SIXTEEN and 83/100 ($263,016.83) DOLLARS, which, to date, has not been paid. The dissipation of this sum as well as inventory and accounts receivable, without payment therefor to the plaintiff, would be a violation of the obligations of the defendants as statutory trustees under PACA. In such event, the rights of the plaintiff would be irreparably damaged should this Court not grant this request for relief to the extent of restraining the transfer of assets of the defendants until a hearing can be had upon the merits of this application.

## NATURE OF THE PROCEEDINGS

The plaintiff seeks specific enforcement under the 1984 amendment to the Perishable Agricultural Commodities Act, 7 U.S.C. §499(e)(c) ("PACA"), and the regulations issued pursuant thereto, 7 C.F.R. Part 46, 49, F. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations").

The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(4).

## THE PERISHABLE AGRICULTURAL COMMODITIES ACT

As first enacted in 1930, the PACA was designed to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play... and aid to (agricultural) traders in enforcing its contracts." 49 Fed. Reg. at 45737. The 1984 amendment to the PACA imposes a statutory trust on agricultural commodities and the inventories of food or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers and for which payment has not been made. By its terms, the purpose of the trust is to assure that suppliers of produce do not go unpaid because the receiver of the produce uses the produce to pay prior debts. The words of the statute are clear:

> "(c)(1) It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission

merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided such commodities until full payment of the sums owing for the commodities has been received by them. 7 U.S.C. §449e(c)(2). The trust provision thus offers suppliers and sellers of fruits and vegetables "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737. When such goods are not paid for promptly, suppliers, sellers or agents may preserve its entitlement to trust assets by filing a written notice with the debtor and the Secretary of the United States Department of Agriculture (the "Secretary"). 7 U.S.C. §499e(c)(3). Any failure to maintain the trust imposed by PACA or to account truly and correctly and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). The PACA regulations make clear that "[it is the buyer's or receiver's responsibility as trustee to insure that is has sufficient assets to assure prompt payment for produce and that any beneficiary under the trust will receive full payment..." 49 Fed. Reg. at 45738. Further, the regulations provide that "[if a buyer or receiver declares bankruptcy . . . trust assets are not to be considered part of the estate to be distributed to other creditors or sold unless all trust beneficiaries have been paid." *Id.* Agricultural merchants, dealers and brokers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities," and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is

proscribed. 7 U.S.C. §46.46e(1).

## A PRELIMINARY DECREE SHOULD BE ENTERED DIRECTING J & S TO COMPLY WITH THE PACA AND ENJOINING IT FROM TAKING ANY MEASURES INCONSISTENT WITH ITS OBLIGATIONS UNDER THE PACA

The standard for granting a preliminary injunction in the Second Circuit requires a showing of (a) possible irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *OMW Intern v. Chase Manhattan Bank N.A.*, 606 F.2d 10 (2d Cir. 1979); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir. 1979); *Caulfield v. Board of Education*, 583 F.2d 605 (2d Cir. 1978). The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects. An excellent exposition of the statute and its effect in bankruptcy proceedings is found in the case of *In re Fresh Approach, Inc,* 51 B.R. 412 (N.D.Texas). A reading of that case should convince this Court of the merits of this lawsuit and the pending application.

1. **The Plaintiff would be irreparably injured were the Defendant Not ordered immediately to comply with PACA.**

In the absence of injunctive relief, the PACA trust assets received and of which the plaintiff is the beneficiary, will be used by J & S to satisfy other debts or otherwise dissipated. The moving affidavit of Pau D'Arrigo clearly supports the contention of the plaintiff that the defendant J & S is violating its obligation of the PACA.

2. **The Plaintiff Is a trust beneficiary entitled to enforce the PACA trust.**

The Plaintiff's entitlement to the relief requested which is to enforce the trust provisions of PACA and the PACA regulations and thus secure its claim for TWO HUNDRED SIXTY-

4

THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS against J & S is beyond question. It is indisputable (I) that the Plaintiff is a commission merchants and dealers as those terms are used in PACA, (ii) that the Plaintiff is a suppliers or sellers of perishable agricultural commodities, (iii) that, from April 28, 2005 through October 12, 2006, they sold to the defendant perishable agricultural commodities, the balance of which is TWO HUNDRED SIXTY- THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS, which is past due and unpaid, (iv) that the Plaintiff timely preserved its rights under PACA as to this amount. Accordingly, as a PACA trust beneficiary who has done all that is necessary to perfect its rights under PACA, the Plaintiff is entitled to the establishment of the trust against J & S.

The instant application seeks an order directing J & S to comply with PACA and enjoin them from taking any actions inconsistent with the duty of trust maintenance imposed upon it by PACA. It is designed to afford the plaintiff only that which is necessary, in the way of preliminary judicial relief because the plaintiff is entitled to enforce the trust.

It is the contention of the plaintiff that, upon information and belief, J & S is not paying for produce which they has purchased and it must come into Court to show its readiness and ability to pay for the produce which it purchased from April 28, 2005 through October 12, 2006, respectively.

The moving affidavit of Paul D'Arrigo, supports the plaintiff's contention that the defendant, J & S, is violating its obligations under PACA and is dissipating its accounts receivable instead of preserving them as part of the trust res contemplated by PACA. This motion is designed to enjoin them from doing so and to frame such relief as to preserve and enforce the rights of the plaintiff under PACA.

All of this evidence indicates that the defendants are in severe financial jeopardy and the

PACA trust assets are being threatened with dissipation. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990).

The giving of notice will only provide defendants with advance warning that an order may be entered, thereby giving time to defendants to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order. Thus, a further loss of trust assets would result if notice is given. Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 US. Code Congo & Admin. News, 405, 411, *J.R. Brooks & Son, Inc. v. Norman's Country Market Inc.*, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to Plaintiff and other trust creditors would be irreparable. *Continental Fruit v. Thomas T. Gatziolis & Co.*, 774 F.Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc*, 751 F.Supp. 64 (W.D. Pa. 1990). Furthermore, a prompt hearing will be held on plaintiff's motion for preliminary injunction, and defendants can file an immediate application to dissolve the temporary restraining order under Rule 65(b).

Case law supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. *Frio Ice, S.A.*, 918 F.2d at 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

There are also a number of unreported cases from the Second Circuit supporting the issuance of temporary restraining orders without notice to halt dissipation of trust assets. *Freitas Bros. et al v. Seven Seas Trading Co., Inc. d/b/a Valley View Farms*, (S.D.N.Y. Case No. 02:CIV-1778-Judge

Daniels); *Edward Silva, Jr. d/b/a Silva Farms, et al v. Tucci & Sons Produce, Inc.*, (S.D.N.Y. Case. No. 00:CIV-3918 Judge Cote); *East Coast Brokers & Packers, Inc. v. Hunts Point Tomato Co., Inc. et al*, (S.D.N.Y. Case No. 00:CIV-2420-Judge Scheindlin); and *Nobles-Collier, Inc. et al v. Hunts Point Tomato Co., Inc.*, (S.D.N.Y. Case No. 02:CIV-4128-Judge McKenna).

In cases interpreting the rights of PACA creditors, courts in other jurisdictions have recognized that without injunctive relief, Plaintiff faced with an insolvent debtor will not receive either the trust assets or the proceeds of such assets. *See, Gullo Produce Co.*, 751 F.Supp. at 67. This has been found to constitute irreparable harm. *Id.; See also, Frio Ice*, 918 F.2d at 159 ("[t]he legislative history [of the PACA] noted that once the trust is dissipated it is almost impossible for the beneficiary to obtain recovery"). A moving party need only show actual dissipation or the threat of dissipation of the PACA trust in order to obtain injunctive relief and a segregation of the trust proceeds. *Frio Ice*, 918 F.2d at 159, n.8.

In the instant case, injunctive relief will force Defendants to cease dissipation of the PACA trust, prevent non-trust creditors from obtaining trust assets ahead of the trust's beneficiaries as well as other produce creditors not entitled to remedies under PACA, and require Defendants to return the trust to a fully-funded level sufficient to satisfy the claims of qualified beneficial interests in full. In short, it will force Defendants to comply with the law. Because it is virtually impossible to recover trust assets once they have been dissipated, the loss to Plaintiff and other trust creditors is irreparable.

The Defendant cannot be harmed by the issuance of an injunction because the relief Plaintiff seeks is merely to force the Defendant to comply with its pre-existing obligations under federal law - that is, to preserve the PACA trust assets for the benefit of PACA beneficiaries and make "full payment promptly" on all produce related invoices. On the other hand, the risk of harm to Plaintiff

is great if Defendant is allowed to further dissipate trust assets. As stated above, numerous courts have recognized the fact that once the PACA trust assets are dissipated, unpaid trust claimants in Plaintiff's position are extremely unlikely to recover any portion of its beneficial interest in the trust, a result at odds with the express purpose of the statute.

The strong preference for PACA trust creditors, which Congress expressed in the 1984 trust amendments to the PACA, clearly demonstrates the public interest at stake in this case. These safeguards were established in order to assure payment to the producers of perishable agricultural products. There can scarcely be a more vital public concern than the economic security of this nation's food supply. This supply and distribution chain consists of the very same growers, producers and distributors, which Congress sought to protect by enacting this legislation. To deny Plaintiff the requested relief would be to erode the protection Congress guaranteed these parties by passing the PACA and the regulations promulgated thereunder. Therefore, the requested injunction is clearly in the public interest.

The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Case law supports Plaintiff's entitlement to an immediate injunction requiring non dissipation of trust assets when the produce supplier is not paid. *Frio Ice. S.A. v. Sunfruit, Inc.*, supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364,367 (Bkrtcy. N.D. Cal. 1990).

Furthermore, once a PACA trustee is out of trust (indebted to any PACA trust claimant), then

until payment is made, it remains out of trust from that point on. In other words, all trust claimants must be paid by a defaulting PACA dealer, or, he is in prima facie default under the statute, *In Re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1995).

See also, *E. Armata, Inc., et al. v. Platinum Funding Corp. and Ron Andrews of L.I., Inc. d/b/a F. Wilson Smith*, 887 F.Supp 590 (S.D.N.Y. 1995); *A & J Produce Corp. v. CIT/Factoring, Inc.*, 829 F. Supp 651 (S.D.N.Y. 1993), *aff'd*, *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063 (2d. Cir. 1995).

As the Kornblum Court stated, at the end of its decision:

"In any event, we agree with the reading of Section 499(e)(c)2 that is provided by §46.46. We accordingly accept the Creditors' argument that a single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full. It was therefor inappropriate to enter summary judgment against the Creditors on the basis that Kornblum had acquired the Units prior to its transactions with the Creditors, and the case must be remanded."

Based upon the order which was signed by United States District Court Judge Buchwald in *Post & Taback, Inc. v. Fruit Operating Co. Inc. d/b/a Carnival Fruit and Vegetable Market*, Case No. 98 CIV 461, in another case involving the application of the PACA, it is respectfully submitted that the relief requested herein is appropriate and should be granted.

Finally, Judge Keenan of this Court in *Point Produce, Inc. v. Mount Vernon Grocery Corp. and Adela F. Lores*, 1992 WL170680 (S.D.N.Y.) stated that there is a showing of an irrevocable harm when a defendant cannot pay creditors under the PACA. In that case there were checks which were made and returned for insufficient funds much as in the case of bar. Judge Keenan's decision is apposite to the facts in the case sub judice because here there are first and third party checks issued by the defendant to the plaintiff exceed $43,200.00, all of which were returned for non-payment for

9

insufficient funds. Those checks are annexed hereto as Exhibit "C".

The individual liability of the defendant, J & S, is set forth in *Morris Okun, Inc. and Finest Fruits, Inc. v. Harry Zimmerman, Inc. and Harry Zimmerman, individually*, decided by Judge Sand of this Court on February 22, 1993 and reported at 814 F. Supp. 349. The Court decided that the individual defendant was liable "secondarily for whatever short fall may exist" in the payment from the corporation to the PACA beneficiary. See *Coosemans Specialties, Inc. v. Garguilo*, ____ F.3d ____, 2007 WL 1297018 (2nd Cir. 2007).

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully submits that its application for a temporary restraining order and a preliminary injunction should be granted in all respects.

Dated: Westbury, New York
      May 15, 2007

                                      Yours, etc.

                                      KREINCES & ROSENBERG, P.C.

                              BY: _____
                                  LEONARD KREINCES (LK/6524)
                                  Attorneys for Plaintiff
                                  900 Merchants Concourse, Suite 305
                                  Westbury, New York 11590
                                  (516) 227-6500