UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.

                Plaintiff,

                                      Case No.:

  -against-

J & S PRODUCE INC.

                Defendant.

## APPLICATION FOR PRELIMINARY INJUNCTION

Upon the verified complaint and affidavit of Paul D'Arrigo, sworn to the 17th day of May, 2007, annexed hereto, the plaintiff hereby move this court as follows:

1.     To issue a preliminary injunction requiring defendant, J & S PRODUCE, INC. ("J & S"), to fulfill its responsibilities as statutory trustees under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(c), by depositing into an interest-bearing account in the care of Kreinces & Rosenberg, P.C., as attorneys for the plaintiff, the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS on behalf of defendant.

1.(a)     The address, 2461 1st Street, Fort Lee, New Jersey 07024, is the address of the defendant J & S PRODUCE INC. and we request that service of this application be made there, by first class mail and overnight mail.

2.     To issue a preliminary injunction requiring defendant, J & S PRODUCE INC. ("J & S"), to fulfill its responsibilities as statutory trustees under Section 5(c) of the Perishable Agricultural

Commodities Act of 1930, as amended, 7 U.S.C. §499(c), by depositing into an interest-bearing account in the care of Kreinces & Rosenberg, P.C., as attorneys for the plaintiff, the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS on behalf of defendant.

3. The grounds for this application are set forth in the complaint and affidavits. The plaintiff delivered perishable agricultural commodities to J & S in the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS. J & S immediately sold such perishable agricultural commodities and it has not paid plaintiff for said commodities.

4. J & S is a trustees who is required to hold all perishable agricultural commodities or the proceeds received from the aforesaid commodities, in trust, until it has fully paid the plaintiff for the commodities.

a. The plaintiff will suffer irreparable harm in the event that the relief sought on this motion is not granted, because there will be dissipation of the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS and furthermore dissipation of the proceeds of the collection of accounts receivable of J & S, all of which is in violation of the non-segregated floating trust created by PACA.

b. The potential harm to this plaintiff will be such that it will not be able to collect its claims which have been created by statute, and the defendants will receive monies and other non-PACA creditors will have received monies, all of which are subject to the trust provisions of PACA.

5. No prior application has been made for the relief requested herein.

7. The plaintiff is likely to succeed upon the merits of this action in that it is empowered by 7 U.S.C. §499(e)(c) to enforce its trust benefits under the non-segregated floating trust created by the statute. There is a presumption that the defendants, J & S, is unable to pay for the unpaid produce sold to them by plaintiff especially for the reason that it has not issued checks in payment of the PACA claims of the plaintiff. However, for the purpose of this motion, as long as the fund is segregated then the plaintiff can be protected and the matters proceed to further discovery.

**WHEREFORE**, it is respectfully requested that the application be granted in its entirety.

Dated: Westbury, New York
May 15, 2007

_____
LEONARD KREINCES (LK6524)