ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/23/07

07 CV 3855

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.

               Plaintiff,

-against-

J & S PRODUCE INC.

               Defendant.

JUDGE BAER

Case No.:

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

UPON the annexed affidavit of Paul D'Arrigo, dated May 14, 2007, with exhibits, the application of Leonard Kreinces, Esq., Kreinces & Rosenberg, P.C., dated May 15, 2007, as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendant, J & S PRODUCE INC., show cause before the Honorable Harold Baur, Jr., United States District Judge, at the United States Courthouse, 500 Pearl Street, Courtroom 23B, New York, New York, on May 23, 2007, at 1:00pm o'clock a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust

1

asset to any creditor, person or entity, until further order of this Court or until the defendant, J & S PRODUCE CO. pay TWO HUNDRED SIXTY-THREE THOUSAND AND SIXTEEN and 83/100 ($263,016.83) DOLLARS plus interest, costs, and attorneys fees to the plaintiff; and it is further

IT APPEARING to the Court from the affidavit of Paul D'Arrigo, that the defendant, J & S PRODUCE INC., is about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that defendant, J & S PRODUCE INC. their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are

(i)   temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter "PACA") and the regulations promulgated thereunder; and

(ii)   temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons or entitles until further order of this Court or until the defendant, J & S PRODUCE CO., pay the plaintiff the sum of TWO HUNDRED SIXTY-THREE THOUSAND AND SIXTEEN

and 83/100 ($263,016.83) DOLLARS , respectively, plus interest, costs, and attorneys fees, and

    (iii)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants' business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after ~~May 21, 2007~~ October 12, 2006; with a description of the property involved, the recipient, the date and the purpose of the distribution; and



    (iv)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must account to this Court and counsel for the plaintiff for all assets in defendant's ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendant, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by J & S PRODUCE INC., and, if not, the source of such assets; and

    (v)    ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from J & S PRODUCE INC.'s operations and received or transferred by them on or after ~~May 21, 2007~~ October 12, 2006, which are lawfully obtainable by J & S PRODUCE INC.; and

    (vi)    ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated J & S PRODUCE INC. PACA Escrow

Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

    (vii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of J & S PRODUCE INC. generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "J & S PRODUCE INC. PACA Escrow Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ten (10) days after entry unless within such time the order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served upon the defendant, J & S PRODUCE INC. or their attorneys, by first class and overnight mail, on or before May 17, 2007, before 5:00 p.m. Any answering papers to be served + filed by noon on May 23 and any reply may be brought to court at the time of the argument and so served on the Ps at that time.

4

A hearing on plaintiff's motion for a preliminary injunction is scheduled for May ~~23~~ 2007, at ~~10:00 a.m.~~ 1:00 pm

Date: May ~~17~~, 2007 at 11:30 AM

_____
U.S.D.J.

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\J&S Produce\Order to Show Cause.wpd

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.

                Plaintiff,

                                    Case No.:

-against-

J & S PRODUCE INC.

                Defendant.

**APPLICATION FOR PRELIMINARY INJUNCTION**

Upon the verified complaint and affidavit of Paul D'Arrigo, sworn to the 17th day of May, 2007, annexed hereto, the plaintiff hereby move this court as follows:

    1.    To issue a preliminary injunction requiring defendant, J & S PRODUCE, INC. ("J & S"), to fulfill its responsibilities as statutory trustees under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(c), by depositing into an interest-bearing account in the care of Kreinces & Rosenberg, P.C., as attorneys for the plaintiff, the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS on behalf of defendant.

    1.(a)    The address, 2461 1st Street, Fort Lee, New Jersey 07024, is the address of the defendant J & S PRODUCE INC. and we request that service of this application be made there, by first class mail and overnight mail.

    2.    To issue a preliminary injunction requiring defendant, J & S PRODUCE INC. ("J & S"), to fulfill its responsibilities as statutory trustees under Section 5(c) of the Perishable Agricultural

1

Commodities Act of 1930, as amended, 7 U.S.C. §499(c), by depositing into an interest-bearing account in the care of Kreinces & Rosenberg, P.C., as attorneys for the plaintiff, the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS on behalf of defendant.

3. The grounds for this application are set forth in the complaint and affidavits. The plaintiff delivered perishable agricultural commodities to J & S in the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS. J & S immediately sold such perishable agricultural commodities and it has not paid plaintiff for said commodities.

4. J & S is a trustees who is required to hold all perishable agricultural commodities or the proceeds received from the aforesaid commodities, in trust, until it has fully paid the plaintiff for the commodities.

a. The plaintiff will suffer irreparable harm in the event that the relief sought on this motion is not granted, because there will be dissipation of the sum of TWO HUNDRED SIXTY THREE THOUSAND SIXTEEN and 83/100 ($263,016.83) DOLLARS and furthermore dissipation of the proceeds of the collection of accounts receivable of J & S, all of which is in violation of the non-segregated floating trust created by PACA.

b. The potential harm to this plaintiff will be such that it will not be able to collect its claims which have been created by statute, and the defendants will receive monies and other non-PACA creditors will have received monies, all of which are subject to the trust provisions of PACA.

5. No prior application has been made for the relief requested herein.

7. The plaintiff is likely to succeed upon the merits of this action in that it is empowered by 7 U.S.C. §499(e)(c) to enforce its trust benefits under the non-segregated floating trust created by the statute. There is a presumption that the defendants, J & S, is unable to pay for the unpaid produce sold to them by plaintiff especially for the reason that it has not issued checks in payment of the PACA claims of the plaintiff. However, for the purpose of this motion, as long as the fund is segregated then the plaintiff can be protected and the matters proceed to further discovery.

**WHEREFORE**, it is respectfully requested that the application be granted in its entirety.

Dated: Westbury, New York
May 15, 2007

_____
LEONARD KREINCES (LK6524)

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,        Case No.:_____

    -against-

J & S PRODUCE CO., INC.

                Defendant.

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION

STATE OF NEW YORK   )
                           ) ss.
COUNTY OF BRONX     )

    PAUL D'ARRIGO, being duly sworn, deposes and says:

    1.    I am the President of D'ARRIGO BROS. CO. OF NEW YORK ("D'ARRIGO), plaintiff herein, and I make this affidavit in support of an application for a Preliminary Injunction pursuant to F.R. Civ. P. Rule 65.

    2.    Plaintiff is a seller of wholesale quantities of perishable agricultural commodities located at 316 New York City Terminal Market. Bronx, New York 10474.

    3.    J & S PRODUCE CO. INC. (J & S) is the purchaser of wholesale quantities of perishable agricultural commodities and is licensed as a dealer and/or commission merchant under The Perishable Agricultural Commodities ACT of 1930, as amended, 7 U.S.C. 499a, etc. ("PACA").

1

4. From April 28, 2005 through October 12, 2006, the plaintiff sold to J & S wholesale lots of perishable agricultural commodities in interstate commerce, the balance of which TWO HUNDRED THOUSAND SIXTY-THREE SIXTEEN and 83/100 ($263,016.83) DOLLARS, for which the plaintiff has not been paid as of the date of this affidavit.

5  The defendant J & S has not made any payment of this balance to the plaintiffs for the perishable agricultural commodities.

6  The defendant J & S is obligated to hold all perishables and the proceeds from the sale of such perishables, in trust, for payment to the plaintiffs.

7  The plaintiffs furnished timely billings, annexed hereto and made part hereof, as Exhibit "A," to J & S which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930(7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery. .

8  A copy of the complaint is annexed herein, as Exhibit "B."

9. We respectfully submit that a Preliminary Injunction should be issued enjoining the defendant from the dissipation of its inventory and accounts receivable to creditors other than those such as the plaintiffs who has preserved their trust benefits under PACA. The plaintiffs request this Court to direct the defendant, J & S, to set aside the fund of TWO HUNDRED THOUSAND SIXTY-THREE SIXTEEN and 83/100 ($263,016.83) DOLLARS, as well as the

2

collection of all accounts receivable pending an Evidentiary Hearing or such further order of the Court in order that the remainder of plaintiffs' trust claims be preserved and not be dissipated in violation of law.

10. The defendant J & S sold the produce which it accepted from the plaintiff in the ordinary course of business. Produce has a short shelf-life, hence, the use by the defendant of the produce which it purchased from the plaintiff. The ten (10) day requirement of the statute has been violated. This defendant continues to breach its duties as a trustee under PACA. That is why we request the relief concerning immediate delivery of this Order upon the defendant or any other entity with which it is involved as a depositor or otherwise, be granted or this defendant will dissipate and prevent the plaintiff from protecting its trust interest in the business conducted by this defendant.

11. The defendant had issued ten (10) checks to plaintiff aggregating the sum of $43,025.33, all of which have been returned for insufficient funds. Copies of these checks are annexed hereto and made part hereof as Exhibit "C".

12. No previous application has been made for the relief requested herein.

WHEREFORE, it is respectfully requested that the Preliminary Injunction be granted and the trust fund be set aside pursuant to order of this Court.

_____
PAUL D'ARRIGO

Sworn to before this
14th day of May, 2007

_____
Notary Public

JO ANN TAYLOR
NOTARY PUBLIC, State of New Jersey
#2313819
Commission Expires April 20, 2009

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\J&S Produce\Affidavit.wpd

3